UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIGARD INSURANCE COMPANY, UNIGARD SECURITY INSURANCE COMPANY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF LODI, CALIFORNIA,<br><br>　　　　Defendant. | No. 2:98-cv-01712-GEB-JFM<br><br>**DISMISSAL ORDER** |
| CITY OF LODI, CALIFORNIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNIGARD INSURANCE COMPANY,<br><br>　　　　Defendant. | Related Case No. 2:01-cv-01718-FCD-JFM |

On September 12, 2014, following completion of the terms of a provisional settlement agreement, the parties filed a Stipulation for Entry of Judgment in the above-referenced related[1] cases. (ECF No. 168.) The parties sought in the Stipulation, *inter alia*, entry of judgment that "confirm[s] the permanent injunction" entered on December 22, 2003, in Case No.

---

[1] The parties state the referenced cases are consolidated. However, review of the docket in Case No. 2:01-cv-01718-FCD-JFM reflects that case was "restored to a separate[, related] action" in 2003. (See Mem. & Order 1:23-2:8, June 5, 2013, ECF No. 132 (ordering the Clerk to vacate the consolidation order and reopen Case No. 2:01-cv-01718-FCD-JFM as a separate action).)

1

2:98-cv-01712-GEB-JFM and dismisses with prejudice Case No. 2:01-cv-01718-FCD-JFM. (Proposed Judgment 2:12-3:15, ECF No. 169.)

The referenced injunction enjoins Defendant City of Lodi ("Lodi") and its officers from enforcing certain provisions of Lodi's Comprehensive Municipal Environmental Response and Liability Ordinance ("MERLO"). (See Mem. & Order, Dec. 22, 2003, ECF No. 101.) However, on March 16, 2005, Lodi enacted Ordinance No. 1755, which repealed MERLO.[2] (See Notice of Repeal of MERLO, ECF No. 171, filed in Case No. 2:98-cv-01489-FCD-JFM.) Accordingly, on September 25, 2014, the Court declined to enter the proposed judgment in Case No. 2:98-cv-01712-GEB-JFM and ordered the parties to show cause ("OSC") why each referenced action should not be dismissed. (Order Re Proposed Judgment, ECF No. 171.)

On October 6, 2014, Plaintiffs responded to the OSC. Plaintiffs contend "an injunction, not dismissal, should be entered" in Case No. 2:98-cv-01712-GEB-JFM, arguing:

> (a) The parties have stipulated for it, and the Court cannot unilaterally modify a consent decree;
>
> (b) An affirmative injunction is appropriate in light of the history of the ordinances, the massive litigation, and the results obtained, so that [Plaintiffs] can have the fruits of a hard-won victory;
>
> (c) Dismissal would effectively re-enter an order that was reversed by the Ninth Circuit;
>
> (d) Denial of relief would be contrary to the law of the case, because it would be

---

[2] The Court takes judicial notice of Ordinance 1755. Fed. R. Evid. 201(c) ("The court . . . may take judicial notice on its own."); see also Tollis, Inc. v. Cnty. of San Diego, 505 F.3d 935, 938 n.1 (9th Cir. 2007) ("Municipal ordinances are proper subjects for judicial notice.").

2

>> (e) Denial of relief would be inconsistent with the result of the parallel <u>Fireman's Fund</u> case, <u>Fireman's Fund v. City of Lodi</u>, 296 F. Supp. 2d 1197 (E.D. Cal. 2003), and the determination in both cases that the insurers were entitled to a permanent injunction.

(Pls.' Mem. P.&A. in Resp. to OSC, 1:12-25, ECF No. 172.) Plaintiffs do not dispute in their response to the OSC that MERLO was repealed in 2005, nor do they state they oppose dismissal of related Case No. 2:01-cv-01718-FCD-JFM.

For the reasons that follow, each case is dismissed.

**A.  Dismissal of Case No. 2:98-cv-01712-GEB-JFM**

Plaintiffs seek in Case No. 2:98-cv-01712-GEB-JFM, "declaratory and injunctive relief . . . to prevent Lodi from enforcing [MERLO] . . . which permits the City to investigate and remediate the hazardous waste contamination of its soil and groundwater." <u>Fireman's Fund Ins. Co. v. City of Lodi, Cal.</u>, 302 F.3d 928, 934 (9th Cir. 2002) (consolidated appeals concerning the district court's granting of dismissal motions in related Cases Nos. 2:98-cv-01489-FCD-JFM and 2:98-cv-01712-GEB-JFM). Plaintiffs allege "MERLO is preempted by the federal Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") . . . and by various state laws." <u>Id.</u>

In November of 2004, the parties notified the Court they entered into a conditional settlement and requested an annual status conference. (<u>See</u> Minute Order, ECF No. 124). The parties state in their November 10, 2005 Joint Status Conference Statement:

>In October of 2004, Unigard Insurance Company, Unigard Security Insurance Company (collectively "Unigard") and [Lodi] entered into a contingent settlement whereby two insurers, Unigard Insurance Company and MSI Insurance Company, are funding a "Pay-For-Performance" contract in connection with the remediation of the Busy Bee Site, located in Lodi, California. Once a "no further action" letter[] or its equivalent is received for the Busy Bee Site from the lead state agency overseeing the remediation, the settlement contingency will be eliminated. Once the settlement contingency has been removed, under the terms of the settlement agreement between the parties, Unigard Insurance Company will file a dismissal in City of Lodi v. Unigard Ins. Co., Case No. [2:01-cv-01718-FCD-JFM] and judgment will be entered in Unigard Ins. Co. v. City of Lodi, Case No. [2:98-cv-01712-GEB-JFM] confirming the permanent injunction granted [in the December 22, 2003 Memorandum and Order granting Plaintiffs' motion for summary judgment and permanent injunction, (ECF No. 101),] in that case.

(JSR 1:24-2:6, ECF No. 126.)

However, during the pendency of the conditional settlement, MERLO was repealed. On March 16, 2005, the City enacted Ordinance No. 1755, which repealed MERLO. Ordinance No. 1755 became effective on April 15, 2005.

"Because [MERLO was] repealed, [the Court] must determine whether this case is moot." Log Cabin Republicans v. United States, 658 F.3d 1162, 1165 (9th Cir. 2011). "A c[ase] is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective relief can be granted." Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 901 (9th Cir. 2007) (internal quotation marks and citation omitted). "Applying [these

4

principles], the Supreme Court and [the Ninth Circuit] have repeatedly held that a case is moot when the challenged statute is repealed, expires, or is amended to remove the challenged language." Log Cabin Republicans, 658 F.3d at 1166; see also Outdoor Media Grp., Inc., 506 F.3d at 901 ("A statutory change . . . is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." (internal quotation marks and citation omitted)).

"This [case] became moot when the repeal of [MERLO] took effect on [April 15, 2005]. . . . There is no longer 'a present, live controversy of the kind that must exist' . . . ." Log Cabin Republicans, 658 F.3d at 1166 (quoting Hall v. Beals, 396 U.S. 45, 48 (1969)). Further, Plaintiffs have not shown in their response to the OSC "an exception to mootness." Id. at 1167.

For the stated reasons, Case No. 2:98-cv-01712-GEB-JFM is dismissed as moot.

**B.   Dismissal of Case No. 2:01-cv-01718-FCD-JFM**

Case No. 2:01-cv-01718-FCD-JFM does not seek declaratory or injunctive relief to enjoin enforcement of MERLO. Rather, "the City brought the . . . action against Uniguard . . . to establish whether there is coverage under Uniguard's contract of liability insurance for [a] state court judgment[3] [Lodi] obtained against [its insureds]." (Id.) Therefore, it does not

---

[3]   The state court judgment was entered in a "state court civil enforcement action" filed by the City against Uniguard's insureds "to obtain compliance with" an administrative abatement order issued under MERLO. (Mem. & Order on Uniguard's dismissal motion in Case No. 2:01-cv-01718-FCD-JFM 1:23-2:4, 3:11-16; ECF No. 17.)

5

appear the action became moot once MERLO was repealed. However, in light of the parties' referenced settlement of this action and agreement to dismiss this action with prejudice once the no further action letter was obtained, (Proposed Judgment 2:12-18, 3:11-12, ECF No. 168), this action is dismissed with prejudice. See Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986) (explaining that "[t]he court reasonably concluded that the parties had the requisite mutual intent to dismiss the action with prejudice" when the court "f[ound] that the parties' . . . representations to the court agreeing to a dismissal with prejudice constituted a voluntary stipulated dismissal under Rule 41(a)(1)(ii)").

The Clerk of the Court shall close Case No. 2:98-cv-01712-GEB-JFM and Case No. 2:01-cv-01718-FCD-JFM.

Dated: December 15, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

6